IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD JOHN FLORANCE, JR., | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-1470-B-BH |
| | ) | |
| DON BUSH, et al., | ) | |
| Defendants. | ) | Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive issues. Before the Court are the following motions:

(1) *United States' Motion to Dismiss, or alternatively, For a More Definite Statement*, ("U.S. Mot."), filed January 20, 2010, (doc. 53);

(2) *Putative Defendant J.P. Court Precinct 3, Place 1 of Dallas County, Texas' Motion to Dismiss*, ("J.P. Ct. Mot."), filed January 20, 2010, (doc. 54);

(3) *Defendants', The State of Texas and the Fifth Court of Appeals, Motion to Dismiss Pursuant to Rule 12*, ("State Mot."), filed January 28, 2010, (doc. 55);

(4) *Defendant City of Dallas's Motion to Dismiss*, ("Dallas Mot."), filed February 4, 2010, (doc. 64);

(5) *Defendants Anthony G. Brocato, Jr. and State of Texas' Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim*, ("Brocato Mot."), filed February 12, 2010, (doc. 70);

(6) *Defendants Taylor, Miller, Kim, and Smith's Consolidated Rule 12 Motion to Dismiss*, ("Collin County Mot."), filed February 17, 2010, (doc. 71);

(7) *Defendants Davis and Mathews, Stein, Shiels, Pearce, Knott, Eden & Davis' Consolidated Rule 12 Motion to Dismiss*, ("Davis Mot."), filed February 18, 2010, (doc. 72);

(8) *Defendants City of Plano, Plano Municipal Court, Judge Don Stevenson, Rodney D. Patten and Paige Mims' Consolidated Rule 12 Motion to Dismiss*, ("Plano Mot."), filed February 19, 2010, (doc. 73);

(9)  *RJF's First and Standing Motion to Strike per FRCP 11(a) – DOJ and the Individual Defendants*, filed February 24, 2010, (doc. 76);

(10)  *RJF's First and Standing Motion to Strike per FRCP 11(a) – DOJ*, filed February 24, 2010, (doc. 77);

(11)  *RJF's Second and Standing Motion to Strike per FRCP 11(a) – State AG's Office and the "Individual" Defendants*, filed March 12, 2010, (doc. 84); and

(12)  *RJF's Second and Standing Motion to Strike per FRCP 11(a) – State AG's Office*, filed March 19, 2010, (doc. 91).

Based on the relevant filings and applicable law, Plaintiff's motions to strike should be **DENIED**, and the motions to dismiss should be **GRANTED**.

## I. BACKGROUND

On July 16, 2009, Plaintiff filed this civil action against fifty-two defendants, including several defendants that he sued in a prior action.[1]  (*See* Compl., doc. 1, at 1-5 (listing defendants in caption).)  On December 7, 2009, he filed a 321-paragraph, 92-page amended complaint that lists fifty-three defendants[2] (adding two defendants and omitting Jerry Buchmeyer).[3]  (*See* Am. Compl., doc. 5, at 1-5, 20.)  The amended complaint does not assert specific claims against particular defendants.  Instead, it generally alleges "[o]ne of the Largest Conspiracies of its kind in the nation's history", treason for targeting him for abuse based upon events related to his prior litigation, a

---

[1]  Plaintiff sued fifteen defendants under state and federal law for their alleged roles in or leading to earlier litigation in *Florance v. Buchmeyer* (*Florance I*), 500 F. Supp. 2d 618, 628-31 (N.D. Tex. 2007) (accepting and supplementing recommendation of Mag. J. which sets out relevant litigation history).  The Court dismissed all claims with prejudice, except for the claims against unknown clerks that were dismissed without prejudice for lack of personal jurisdiction. *See Florance v. Buchmeyer*, No. 3:07-CV-125-M (N.D. Tex. July 31, 2007) (Judgment, doc. 62).

[2]  Plaintiff names the United States and the United States of America as separate defendants, and he distinguishes between the "Proper" and "Federal" capacities for various defendants by using all capital letters for the "Federal Capacity".  (*See* Am. Compl. at 1-5, 15.)  He contends "the legal person under the Law of the Land animates the Proper Capacity" whereas the legal person in the current "funny money" system animates the Federal Capacity.  (*See id.* at 15.)

[3]  Because Defendant Buchmeyer has been omitted from the amended complaint, the Clerk of the Court is directed to note on the docket that he is no longer a party to this action.

"funny money" scam that differentiates between "Law of the Land" and "Law of the Sea" depending on whether there is gold and silver coin in general circulation, a "federal income tax scam", a "bogus 'underage consumption' case" against his daughter, a lien that Plaintiff filed against Defendant Taylor which led to his criminal conviction; various incidents in cases removed from state court, and alleged libel and slander by Defendant Davis. (*See id.* at 14-21 (the "overview" of the conspiracy), 24-25 (identifying libelous and slanderous acts), 26-80 (providing additional detail about the treason and tyranny), 81-83 (summarizing Plaintiff's positions).) Plaintiff seeks damages from the state and federal officers, agents, and employees under 42 U.S.C. § 1983 (state actors) or *Bivens*[4] (federal actors), and contends that they are liable for tort claims that accompany violations of criminal law. (*See id.* at 84.) He also seeks actual, nominal, and punitive damages against the state and federal actors and the State of Texas, the City of Plano ("Plano"), the City of Dallas ("Dallas"), and the United States, as well as declaratory, injunctive, and "unique" relief. (*See id.* at 84-92.)

On December 21, 2009, the Court ordered Plaintiff to file a valid return of service for each defendant that shows service on or before the deadline for service, December 14, 2009. (*See* Order, doc. 7.) He was put on notice that a failure to show proper service by December 28, 2009, could result in dismissal of defendants "without further notice for failure to prosecute." (*See id.*) On December 28, 2009, Plaintiff filed certified mail receipts, copies of summons, and unsigned and incomplete returns of service for numerous defendants.[5] (*See* Docs. 10-51.) Numerous motions to dismiss ensued, and the issues are ripe.

---

[4] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[5] The Court subsequently denied Plaintiff's motions for extensions of time to serve defendants Amanda Soloman, John Barry, John Roach, Andrea Westerfield, Jonathan Richardson, Christopher Fredericks, and Mark Rusch, and dismissed all claims asserted against them. (*See* Orders, docs. 56 and 66.)

## II.  PLAINTIFF'S MOTIONS TO STRIKE

Pursuant to Fed. R. Civ. P. 11(a), Plaintiff moves to strike all documents, including the motion to dismiss by the United States (doc. 53), signed by any person from the Department of Justice ("DOJ").  (*See* Doc. 76 at 2; Doc. 77 at 2.)  He also moves to strike all documents, including documents 55 and 70, signed by anyone with the Texas Attorney General's Office who purports to speak on behalf of any individual defendant.  (*See* Doc. 84 at 2, Doc. 91 at 2.)  He essentially contends that there is a lack of authority for the signatures.  (*See generally* Docs. 76-77, 84, 91.)

Rule 11(a) requires that every filed document be signed by the attorney of record or by the party personally, if unrepresented.  Unsigned papers must be struck "unless the omission is promptly corrected after being called to the attorney's or party's attention."  Fed. R. Civ. P. 11(a).  Although Plaintiff contends that three motions (docs. 53, 55, and 70) are unsigned due to a perceived lack of signatory authority, Rule 11 provides no basis to challenge the authority a chosen representative has to sign documents filed with the Court.  Moreover, the DOJ is statutorily authorized to represent the United States and its agencies and officers, *see* 28 U.S.C. §§ 516 and 517, and the Texas Attorney General's Office is authorized to represent state defendants, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 104.001, 1004.002, 104.004, and 108.002.  Plaintiff's motions to strike have no merit and should be **DENIED**.

## III.  INVALID RETURN OF SERVICE

The United States moves to dismiss this action because Plaintiff has failed to comply with the December 21, 2009 order that he file a valid return of service for each served defendant.  (U.S. Mot. at 1-2.)

A valid return complies with Fed. R. Civ. P. 4(l), which requires a "server's affidavit" except

when service was effected by a United States marshal or deputy marshal.  That exception does not apply in this case, and no filed return of service has been completed or signed.  Without a proper affidavit from the server, the filed returns of service are invalid, and all defendants are subject to dismissal without notice based upon the Court's December 21, 2009 order.  (*See* Doc. 7.)  In addition, Fed. R. Civ. P. 41(b) grants authority to involuntarily dismiss an action for failure to comply with a court order.  The United States' motion should be granted on this basis.  However, because the United States also presents grounds for dismissal of the claims against it with prejudice, the Court also considers those issues.

### IV.  RULE 12(b)(2) and 12(b)(5) MOTIONS

Several defendants have moved to dismiss this action due to insufficient service of process. (*See* U.S. Mot. at 2-4; J.P. Ct. Mot. at 4-5; Brocato Mot. at 2-4; Collin County Mot. at 4-5; Davis Mot. at 2-4; Plano Mot. at 3-5.)[6]  Rules 12(b)(2) and (5) of the Federal Rules of Civil Procedure respectively authorize dismissal for lack of personal jurisdiction and when a party has not been properly served.[7]

Plaintiffs must properly serve defendants with summons and a copy of the complaint.  *See* Fed. R. Civ. P. 4(c)(1).  The courts insist on strict compliance with the rules for service of process. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).  Substantial compliance is insufficient.  *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 300-03 (7th Cir. 1991).  All parties, even those proceeding *pro se*, must comply with the "relevant rules of

---

[6]  For filings that do not include their own page numbers, the Court uses the page number shown on the scanned version of the document.

[7]  "In the absence of service of process (or waiver of service by the defendant)," courts ordinarily may not exercise personal jurisdiction over defendants.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

procedure." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Under the federal rules, service may be effected by any person *who is not a party* and who is at least eighteen years of age. Fed. R. Civ. P. 4(c)(2). Rule 4 describes various methods of service for particular defendants, some of which allow service in accordance with state law. *See*, *e.g.*, Fed. R. Civ. P. 4(e) (serving an individual within the United States); (j)(2) (serving state or local government). The Texas rules of civil procedure also preclude any "*person who is a party to* or interested in the outcome of a suit" from serving process in that suit. Tex. R. Civ. P. 103 (emphasis added). Because neither Texas nor the federal rules "permit a *party* to serve a summons or process", a party fails to comply with the procedural requirements for adequate service of process when he personally mails the summons to defendants through certified mail. *Hill v. N. Tex. State Hosp.*, No. 7:09-CV-158-O, 2010 WL 342227, at *1 (N.D. Tex. Jan. 26, 2010) (adopting recommendation of Mag. J.). In those circumstances, the attempted service is ineffective. *See Jackson v. Atrium Cos., Inc.*, No. 3:04-CV-0679-G, 2004 WL 1773699, at *2 (N.D. Tex. 2004).

Here, Plaintiff states that he "has caused each defendant to be served by Restricted Delivery mail services provided by USPS [(United States Postal Service)]." (*See* Resp. to Brocato Mot. at 3.) He contends that the USPS is neither a party to this litigation nor an interested person. (*Id.* at 4.) This position is contrary to established law. *See Hassell v. United States*, 203 F.R.D. 241, 246 (N.D. Tex. 1999) (finding service defective when a party mails documents to the defendant).

Because Plaintiff has not complied with the rules governing service, his attempted service of process is insufficient. In general, Rule 4(m) requires dismissal without prejudice when service

6

has not been effected within 120 days of filing the complaint unless the Plaintiff shows good cause to extend the time for service. The 120-day period has long elapsed, and Plaintiff has not shown good cause for an additional extension of time. Consequently, the motions to dismiss for insufficient service of process should be granted. Because defendants also present grounds for dismissal of this action with prejudice, the Court also considers those grounds.

## V.  RULE 12(b)(1) MOTIONS

Some defendants seek dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v.*

*Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  A motion to dismiss based on the complaint alone pre-

sents a "facial attack" that requires the court to merely decide whether the allegations in the com-

plaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction.  *See*

*Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998).  "If sufficient, those allegations alone

provide jurisdiction."  *Id.*  Facial attacks are usually made early in the proceedings.  *Id.*  When the

defendant supports the motion with evidence, then the attack is "factual" and "no presumptive

truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not

preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Williamson*,

645 F.2d at 413.  A factual attack may occur at any stage of the proceedings.  *Menchaca v. Chrysler*

*Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Regardless of the nature of attack, the party assert-

ing jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist.

*Ramming*, 281 F.3d at 161.

　　In this case, defendants present a facial attack that does not require the Court to resolve

matters outside the pleadings.  *See Ramming*, 281 F.3d at 161; *Williamson*, 645 F.2d at 412-13.

## A. <u>Federal Sovereign Immunity</u>

　　The United States, on behalf of itself and officers sued in their official capacities, argues that

the Court lacks jurisdiction due to sovereign immunity and Plaintiff's failure to timely file an

administrative claim under the Federal Torts Claim Act ("FTCA").  (U.S. Mot. at 4-5, 7-9.)

　　"The basic rule of federal sovereign immunity is that the United States cannot be sued at all

without the consent of Congress."  *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273,

287 (1983).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  The immunity also shields federal officers

from official capacity suits because such suits are actually against the government. *See Smart v. Holder*, No. 09-50796, 2010 WL 759164, at *2 (5th Cir. Mar. 5, 2010) (citing *Boehms v. Crowell*, 139 F.3d 452, 462-63 (5th Cir. 1998); *S. Sog, Inc. v. Roland*, 644 F.2d 376, 380 (5th Cir. Unit A May 1981)).

Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). The terms of the consent/waiver define the jurisdictional boundaries to entertain the suit. *Meyer*, 510 U.S. at 475. In general, the scope of a waiver of sovereign immunity is strictly construed "in favor of the sovereign." *Gomez-Perez v. Potter*, 128 S. Ct. 1931, 1942 (2008). This general rule, however, "is 'unhelpful' in the FTCA context, where 'unduly generous interpretations of the exceptions run the risk of defeating' the central purpose of the statute, which 'waives the Government's immunity from suit in sweeping language.'" *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 482 (2006) (citations omitted).

Here, Plaintiff asserts that the named federal actors are liable under *Bivens* and tort law. (Am. Compl. at 84.) He contends that the United States is liable because it has encouraged and allowed use of its name as part of the conspiracy against him, and because it failed to stop the conspiracy.[8] (*Id.* at 86-87.)

### 1. *Bivens*

Sovereign immunity protects the United States and the federal employees sued in their official capacities from constitutional claims asserted under *Bivens*. *See Affiliated Prof'l Home*

---

[8] As in his prior federal action, Plaintiff also contends that "[t]here is no immunity for criminal conduct." (*See* Doc. 68 at 4; Doc. 78 at 5-6; Doc. 79 at 4-7.) Private citizens "cannot initiate a federal criminal prosecution because that power is vested exclusively in the executive branch," however. *Florance I*, 500 F. Supp. 2d at 635. Plaintiff has no constitutional right to have anyone criminally prosecuted. *Id.*

*Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380-81 (5th Cir. 1987). Even if Plaintiff seeks to impose liability on a theory of respondeat superior, *Bivens* provides no basis to hold the United States liable. *See Cronn v. Buffington*, 150 F.3d 538, 544-45 (5th Cir. 1998). Plaintiff's *Bivens* claims against the United States and its employees sued in their official capacities should be dismissed for lack of jurisdiction.

### 2. *FTCA*

Tort claims against the United States and federal actors arise under the FTCA. *See* 28 U.S.C. §§ 1346(b)(1), 2671-2680. "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 128 S. Ct. 831, 835 (2008). To successfully sue under the FTCA, "a plaintiff must name the United States as the sole defendant." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). For jurisdictional purposes, Plaintiff must exhaust his administrative remedies under the FTCA before filing suit. *See McNeil v. Unites States*, 508 U.S. 106, 112-13 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Section 2675(a) of Title 28 of the United States Code provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final

denial of the claim for purposes of this section.

Plaintiff has not alleged that he has exhausted administrative remedies in compliance with § 2675(a).  Consequently, the Court does not have jurisdiction over Plaintiff's tort claims against the United States or any federal actor sued in their official capacities.

The Court should grant the United States's motion to the extent it seeks to dismiss the *Bivens* and FTCA claims for lack of jurisdiction.

## B. <u>Declaratory and Injunctive Relief</u>

The United States construes Plaintiff's amended complaint as seeking a declaration regarding his status as a taxpayer and liability for taxes and an injunction to preclude it from making future tax claims against him.  (U.S. Mot. at 4, 10-11.)  Although Plaintiff adamantly contends that this is a suit for damages which has "nothing to do with 'taxes'" (*see* Doc. 68 at 8), his amended complaint seeks numerous declarations regarding tax matters (*see* Am. Compl. at 89-90).

Section 1346(a)(1) of Title 28 of the United States Code provides federal jurisdiction over certain federal tax matters.[9]  That statute provides consent by the United States "to be sued for taxes improperly assessed or collected, but only if the plaintiff complies with the jurisdictional require-ments set forth in 26 U.S.C. § 7422."  *Brashear v. United States*, 138 F. Supp. 2d 786, 789 (N.D. Tex. 2001) (citation omitted).  The United States argues that the Court lacks jurisdiction to make declarations regarding any tax matters at issue in this case or to grant an injunction to preclude it

---

[9]  Section 1346(a) provides in pertinent part:
> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal claims, of:
>> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

from making future tax claims against Plaintiff.  (*See* U.S. Mot. at 4, 10-11.)

With limited exceptions not pertinent here, Congress has excluded federal tax matters from the scope of the Declaratory Judgment Act, 28 U.S.C. § 2201.  *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974).  Due to that exclusion, the Court is without jurisdiction to issue a declaration that Plaintiff is not a taxpayer and is not liable for taxes.  *See Walters v. United States*, 287 F. App'x 392, 395 (5th Cir. 2008).  To the extent Plaintiff seeks a declaration related to federal tax matters, he has no recourse under § 2201.

Similarly, the Anti-Injunction Act (codified at 26 U.S.C. § 7421(a)) provides that with exceptions not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."  Section 7421(a) "withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5 (1962); *accord Bob Jones Univ.*, 416 U.S. at 749.  However, *Enochs* recognized "that a pre-enforcement injunction against the assessment or collection of taxes may be granted" when two criteria are met:  (1) "if it is clear that under no circumstances could the Government ultimately prevail" and (2) "if equity jurisdiction otherwise exists". *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758 (1974) (quoting *Enochs*, 370 U.S. at 7). The second criteria is met when irreparable injury will result in the absence of an issued injunction. *Bob Jones Univ.*, 416 U.S. at 737.  Plaintiff has alleged no irreparable injury and has made no argument which shows that the government will be unable to assess or collect taxes from him in the future.  The Court lacks jurisdiction to grant an injunction to the extent Plaintiff seeks to preclude the United States from making future tax claims against him.

## C. <u>State Sovereign Immunity</u>

The State of Texas and the Fifth Court of Appeals seek dismissal under Rule 12(b)(1) dismissal because they are immune from suit under the Eleventh Amendment.  (State Mot. at 4.)  Defendant Brocato also seeks dismissal based on Eleventh Amendment immunity to the extent he is sued in his official capacity.[10]  (*See* Brocato Mot. at 5.)

The Eleventh Amendment provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[11]  This Amendment exemplifies a fundamental rule that the federal courts are without authority to entertain private suits against an unconsenting State.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984).  The rule is a jurisdictional bar to suit.  *See id.* at 99 n.8; *Severance v. Patterson*, 566 F.3d 490, 495 (5th Cir. 2009); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).  "This withdrawal of jurisdiction effectively confers an immunity from suit."  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  In addition, except for suits for prospective injunctive relief, official capacity suits against state officials are precluded by principles of sovereign immunity set out in the Eleventh Amendment.  *Pennhurst*, 465 U.S. at 101-03; *McCarthy ex rel. Travis v.*

---

[10]  Brocato and the State of Texas raise Eleventh Amendment immunity in the context of Fed. R. Civ. P. 12(b)(6).  (*See* Brocato Mot. at 4-5.)  However, because the immunity is a jurisdictional issue, it is properly addressed under Rule 12(b)(1).  *See, e.g.*, *Severance v. Patterson*, 566 F.3d 490, 494-95 (5th Cir. 2009).

[11]  Although courts and litigants often use "Eleventh Amendment  immunity" as a "convenient shorthand", the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment."  *N. Ins. Co. of N.Y. v. Chatham County, Ga.*, 547 U.S. 189, 193 (2006) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

*Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004).  Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Sovereign immunity also cloaks state courts with immunity from suit.  *See Curry v. Ellis County, Tex.*, No. 3:08-CV-1675-L, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009).

Because the State of Texas and its courts are protected by sovereign immunity, this Court lacks jurisdiction over Plaintiff's claims against them.  Because Plaintiff does not seek prospective injunctive relief against Brocato, Plaintiff is also jurisdictionally barred from pursuing an official capacity claim against him.  The Court should grant the motions to dismiss to the extent they seek a jurisdictional dismissal on the basis of sovereign immunity.

## VI.  RULE 12(b)(6) MOTIONS

Several defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v.*

14

*Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

## A. *Heck* Bar

The Plano and Collin County Defendants urge the Court to dismiss the action against them because Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Plano Mot. at 5-8; Collin County Mot. at 5-8.)

A claim that falls under the rule announced in *Heck* "is legally frivolous unless the

conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). To determine the applicability of *Heck* in a given case, the courts examine the nature of the plaintiff's conviction and the nature of the civil claims asserted. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008); *Ballard v. Burton*, 444 F.3d 391, 401 (5th Cir. 2006). When "the factual basis for the conviction is temporally and concept-ually distinct" from the asserted civil claims, *Heck* does not bar the claims. *Bush*, 513 F.3d at 498.

Here, Plaintiff asserts a broad conspiracy claim which includes his conviction for filing a lien against Defendant Taylor. To the extent that *Heck* applies and bars claims raised in this action, such claims have no basis in law and would be subject to dismissal. Nevertheless, the case presents issues that are appropriate for early and final determination, and the Court proceeds to those issues. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Reed v. City of Dallas*, No. 3:05-CV-0004-G, 2006 WL 1876638, at *3-4 (N.D. Tex. June 29, 2006) (accepting recommendation that a lack of state action and a failure to allege any official policy or custom so as to impose municipal liability provides issues that are appropriate for early and final determination); *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

## B.  Jural Entity

The J.P. Court argues that the action against it should be dismissed because it is a non-jural entity not subject to suit. (*See* J.P. Ct. Mot. at 2-3.) State courts are non-jural entities which cannot

be sued.  *See Smithback*, 2002 WL 1268031, at *2.  Defendant J.P. Court is a state court presided over by a justice of the peace, which has jurisdiction over certain criminal matters.  *See* Tex. Code Crim. Proc. Ann. art. 4.11 (Vernon 2007).  Accordingly, the J.P. Court's motion (doc. 54) should be granted, and the claims against that court should be dismissed with prejudice.

## C.  <u>Municipal Liability</u>

Dallas seeks dismissal because Plaintiff has not sued it under 42 U.S.C. § 1983 and has stated insufficient facts to support a claim for municipality liability.  (Dallas Mot. at 2-8.)  In response, Plaintiff requests that the motion be granted because a county rather than a city officer was involved.  (*See* Doc. 74 at 2-3.)  In light of Plaintiff's request, the Court should grant the motion.  In addition, the motion succeeds on its merits.

Plaintiff seeks monetary damages against the state officers, agents, and employees under 42 U.S.C. § 1983.  (Am. Compl. at 84, ¶ 288.)  Plaintiff alleges that the JP proceeding regarding a ticket he received for failure to update the window sticker for registering his vehicle shows that Dallas "want[ed] a piece of [him]".  (*Id.* at 73, ¶¶ 259-61.)  According to Plaintiff, the officer gave him the ticket even though he knew that Plaintiff had paid the fees at issue but had simply failed to change the window sticker.  (*Id.* at 73, ¶ 259.)  When Plaintiff appeared in JP Court to contest the citation, the court denied his motion to dismiss but later dismissed the case against him.  (*Id.* at 73, ¶¶ 260-61.)  Plaintiff contends that Dallas is jointly and severally liable for all damages awarded against its police officers and judges because it failed to train them.  (*Id.* at 89, ¶ 305.)

It is well-settled that one cannot prevail under 42 U.S.C. § 1983 on a theory of respondeat superior.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008).  Vicarious liability alone will not support a claim for relief under §

17

1983. *Whitt*, 529 F.3d at 283.  A defendant cannot be held liable under such a theory simply because individuals in its employ performed acts that the plaintiff contends violated his constitutional rights. *Id.*; *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999).  Instead, to hold a municipality liable under § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."  *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).  One incident does not show a policy or custom.  *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002).  Moreover, in general, "single constitutional violations" are insufficient to infer a custom or policy. *Piotrowski v. City of Houston,* 237 F.3d 567, 581 (5th Cir. 2001).  Additionally, to state a failure to train claim, the plaintiff must allege that "the failure to train amounted to 'deliberate indifference' to the rights of persons with whom [the employees] come into contact."  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123-24 (1992).

Plaintiff has not alleged any official policy or custom that violated his constitutional rights or deliberate indifference on the part of Dallas.  He has failed to state a plausible claim against Dallas, and his claims against it should be dismissed.

**D. Qualified Immunity**

Brocato requests that this action against him in his individual capacity be dismissed because Plaintiff has not overcome his qualified immunity defense. (Brocato Mot. at 5-6.)

A governmental employee who is sued under § 1983 may assert the affirmative defense of qualified immunity.  *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992).  Qualified immunity protects government officials performing discretionary functions from suit and liability for civil dam-

ages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Because an official is entitled to immunity from suit, not merely from liability, immunity questions should be resolved at the earliest possible stage in the litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

In deciding whether a defendant is entitled to qualified immunity, courts conduct a two-prong inquiry. The first prong entails consideration of whether the facts alleged, taken in the light most favorable to the plaintiff, show a violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). Under the second prong, courts determine whether the violated constitutional right was clearly established within the specific context of the case. *Id.* at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. It is within the discretion of the court to decide which of the two prongs to address first in light of the circumstances particular to the case at hand. *Pearson*, 129 S. Ct. at 818; *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009) ("*Saucier's* rigid 'order of battle'. . . is now advisory."). If the court answers both the constitutional violation and clearly established questions in the affirmative, the officer is not entitled to qualified immunity. *Lytle*, 560 F.3d at 410.

The plaintiff has the burden to show the inapplicability of an asserted qualified immunity defense. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam). To satisfy that burden on a

motion to dismiss, the plaintiff must claim that a defendant violated the plaintiff's constitutional rights and that the violation was objectively unreasonable.  *Club Retro, LLC*, 568 F.3d at 194; *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).

Brocato argues that Plaintiff has not overcome his qualified immunity defense because Plaintiff has failed to state a cognizable claim against him and has failed to allege any objective unreasonableness.[12]  (Brocato Mot. at 6.)  The amended complaint asserts a broad claim of conspiracy to commit treason against Plaintiff.  (*See* Am. Compl. at 14, ¶¶ 1-2.)  As for Brocato, Plaintiff complains about an unsuccessful argument presented on appeal.[13]  (*See id.* at 39-40, ¶¶ 106-07.)

Although plaintiffs do not need to plead sufficient facts to overcome an anticipated qualified immunity defense, *see Crawford-El v. Britton*, 523 U.S. 574, 595 (1998), they must allege sufficient facts to state a cognizable claim.  To state a conspiracy claim under 42 U.S.C. § 1983, plaintiffs must allege facts to support "(1) the existence of a conspiracy involving  state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy."  *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992).  A conspiracy actionable under § 1983 requires an agreement to deprive Plaintiff of his civil rights.  *Dorward v. Ramirez*, No. 09-CV-0018-D, 2009 WL 2777880, at *15 (N.D. Tex. Aug. 28, 2009).

Here, Plaintiff seems to claim that Brocato is liable as a conspirator because he made an

---

[12]  Plaintiff opposes the Rule 12(b)(6) motions on grounds that each of the individual defendants has committed criminal acts and participated in a criminal conspiracy to commit treason against him.  (*See* Doc. 79 at 4-5; Doc. 81 at 4; Doc. 82 at 6-7; Doc. 83 at 2-3.)  As noted, Plaintiff has no constitutional right to have anyone criminally prosecuted.  *See Florance I*, 500 F. Supp. 2d at 635.  To the extent he seeks to bring criminal charges against any defendant, he states no cognizable claim.

[13]  Brocato represented the State of Texas in Collin County litigation in which Plaintiff challenged a court's jurisdiction over a citation issued to his daughter for being a minor in possession of alcohol.  *See In re A.F.*, No. 05-05-01435-CV, 2006 WL 1728035 (Tex. App. – Dallas June 13, 2006, pet. denied) (showing representation by Brocato).

unsuccessful appellate argument, but he does not allege any facts showing that Brocato acted improperly or violated any constitutional right, much less one clearly established when Brocato made the argument.

Plaintiff's conclusory allegations are insufficient to state a conspiracy claim against Brocato upon which the Court can grant relief. As noted in the prior case, "a bare assertion of conspiracy will not suffice." *Florance I*, 500 F. Supp. 2d at 626 (quoting *Twombly*, 550 U.S. at 556). In order "to enter the realm of plausible liability", a plaintiff's allegations must cross "the line between the conclusory and the factual" as well as the line "between the factually neutral and the factually suggestive." *Twombly*, 550 U.S. at 557 & n.5. Merely labeling something as a conspiracy will not do. *See id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, an alleged conspiracy to commit treason does not satisfy the requirement that there is an agreement to deprive Plaintiff of his civil rights.

Because Plaintiff has stated no viable constitutional claim against Brocato, he has failed to state a claim upon which relief can be granted. Brocato's motion to dismiss the individual capacity claims against him should be granted, and those claims should be dismissed with prejudice.

## E. <u>Treason</u>

The Plano, Collin County, and Davis Defendants contend that Plaintiff's claims based on alleged treason fails to state a claim. (*See* Collin County Mot. at 5-6; Davis Mot. at 4-5; Plano Mot. at 5-6.) Treason is a criminal act against the United States. *See* 18 U.S.C. § 2381. Claims of treason cannot be pursued in a civil action. *Kendall v. U.S. Dep't of Veteran Affairs*, No. CV07-103-S-EJL, 2008 WL 2397677, at *8 (D. Idaho June 10, 2008) (adopting recommendation of Mag. J.), *vacated in part on other grounds*, 2009 WL 5184127 (9th Cir. 2009); *Johnson-Bey v. Brentwal LLC*,

21

No. 4:06-CV-67, 2007 WL 2021861 (W.D. Mich. July 6, 2007) (adopting recommendation of Mag. J.).  As noted, a claimed conspiracy to commit treason states no claim under § 1983 because the claim lacks the required agreement to violate Plaintiff's civil rights.  Because alleged treason cannot impose civil liability under § 1983, the Court should grant the motions to dismiss the claims based on treason asserted against the Plano, Collin County, and Davis Defendants.

## F. Absolute Privilege

Davis contends that Plaintiff cannot succeed on defamation[14] claims against him because absolute privilege protects statements made in filings in prior judicial proceedings and testimony he presented at Plaintiff's sentencing hearing.  (Davis Mot. at 7-8.)

Although defamation claims arise under state rather than federal law, the Court may exercise supplemental jurisdiction over them.  *See* 28 U.S.C. § 1367.  In *Florance I*, Plaintiff asserted defamation claims based on the statements made in prior court filings.  The Court recognized that "Texas law provides an absolute privilege to parties and witnesses who participate in judicial proceedings from having to answer civil actions in damages for libel or slander."  *Florance I*, 500 F. Supp. 2d at 644.  The privilege covers "[a]ny communication, oral or written, uttered or published in the due course of a judicial proceeding is absolutely privileged and cannot constitute the based of a civil action in damages for slander or libel."  *See id.* (quoting *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1941)).  Under Texas law, the privilege extends to "any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case."  *Id.* (quoting *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex.

---

[14]  Defamation is simply another term for libel and slander.  *See Michael v. Dyke*, 41 S.W.3d 746, 753 (Tex. App. – Corpus Christi 2001, no pet.).

1982)).

As in his prior action, Plaintiff primarily bases his defamation claims on statements made in court filings when Davis and his law firm represented Taylor against Plaintiff.  (*See* Am. Compl. at 24-25.)  He also claims here that Davis defamed him by provided testimony at his sentencing. (*See id.* at 25.)  Plaintiff again takes issue with Davis describing him as a "litigation terrorist" and engaging in "litigation Jihad."  (*See id.* at 24-25.)

Plaintiff argues in his response to the Davis motion that "immunity" does not apply because there is no factual basis for the assertions made.  (*See* Doc. 81 at 6-8.)  He also suggests that the term "terrorist" is so stigmatizing that it should be unacceptable even in court filings and proceedings. (*Id.* at 7.)  Plaintiff does not refute that the statements were either made in court filings or when Davis provided testimony in a court proceeding.  To the contrary, he concedes that issue.  (*Id.* at 6.) Consequently, the statements are absolutely privileged under state law.  Because the privileged state-ments provide no basis for a defamation claim against Davis (or his law firm), the Davis motion to dismiss should be granted on that basis.

## G. Res Judicata

Defendants Taylor, Kim, Smith, and Patten contend that Plaintiff's claims against them are barred by res judicata.  (Plano Mot. at 6-7; Collin County Mot. at 7-8.)

To determine the res judicata effect of a prior federal judgment, the courts look to federal law.  *Gulf Island-IV, Inc. v. Blue Streak-Gulf Is Ops*, 24 F.3d 743, 746 (5th Cir. 1994).  Under the federal law of res judicata, also known as claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action ."  *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (quoting *Montana v. United States*, 440 U.S. 147, 153

23

(1979)).  The res judicata doctrine "bars all claims that were brought or could have been brought based on the operative factual nucleus." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 n.1 (5th Cir. 2000).  Before applying res judicata under federal law, the court must find that (1) the parties of both actions are either "identical or in privity"; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior case concluded with a final judgment on the merits; and (4) both actions involved the same claim or cause of action. *Davenport*, 484 F.3d at 326.

Defendants Taylor, Kim, Smith, and Patten were sued by Plaintiff in his prior federal action. That case ended with a final judgment on the merits by a court of competent jurisdiction.  For these defendants (and others) there is substantial overlap between the allegations of the two cases, and the earlier action involves the same operative facts as this case.  The four res judicata elements are present here.

Plaintiff argues that res judicata is inapplicable because of the significant legal difference between the Proper Capacity of a litigant and that person's Federal Capacity.  (*See* Doc. 82 at 7-8.) Plaintiff has provided no legitimate authority for recognizing his view of the differing capacities, and the Court should reject it.  Plaintiff is the same person who commenced the prior litigation.  The motions to dismiss should be granted to the extent they are based on res judicata.

## VII.  RULE 12(f) and 12(e) MOTIONS

The State of Texas and the Fifth Court of Appeals seek to strike Plaintiff's amended complaint under Fed. R. Civ. P. 12(f) to the extent Plaintiff seeks to relitigate prior lawsuits.  (State Mot. at 8.)  The Plano, Collin County, and Davis Defendants similarly seek to strike the complaint due to its scandalous allegations as an alternative to their motions to dismiss.  (*See* Plano Mot. at 8-9; Collin County Mot. 10-12; Davis Mot. at 10-12.)  The United States and the Plano, Collin County,

and Davis Defendants also request, in the alternative, that Plaintiff be required to file a more definite statement under Fed. R. Civ. P. 12(e).  (*See* U.S. Mot. at 1; Plano Mot. at 8; Collin County Mot. 9; Davis Mot. at 9-10.)  Based on the recommendations on their Rule 12(b)(6) motions to dismiss, the motions to strike under Rule 12(f) and for a more definite statement under Fed. R. Civ. P. 12(e). should be denied as moot.  *See Florance I*, 500 F. Supp. 2d at 645-46.

## VIII.  RECOMMENDATION

The *United States' Motion to Dismiss, or alternatively, For a More Definite Statement*, filed January 20, 2010, (doc. 53), and *Defendants', The State of Texas and the Fifth Court of Appeals, Motion to Dismiss Pursuant to Rule 12*, filed January 28, 2010, (doc. 55) should be **GRANTED** to the extent they seek dismissal under Fed. R. Civ. P. 12(b)(1), and the claims asserted against these defendants and the federal defendants sued in their official capacities should be dismissed without prejudice for lack of jurisdiction.

*Defendants Anthony G. Brocato, Jr. and State of Texas' Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim*, filed February 12, 2010, (doc. 70), should be **GRANTED**, and the official capacity claims asserted against Brocato should be dismissed without prejudice for lack of jurisdiction under Rule 12(b)(1), and the individual capacity claims should be dismissed with prejudice pursuant to Rule 12(b)(6) for failure of Plaintiff to state a claim upon which relief can be granted.

*Putative Defendant J.P. Court Precinct 3, Place 1 of Dallas County, Texas' Motion to Dismiss*, filed January 20, 2010, (doc. 54); *Defendant City of Dallas's Motion to Dismiss*, filed February 4, 2010, (doc. 64); *Defendants Taylor, Miller, Kim, and Smith's Consolidated Rule 12 Motion to Dismiss*, filed February 17, 2010, (doc. 71); *Defendants Davis and Mathews, Stein, Shiels,*

25

*Pearce, Knott, Eden & Davis' Consolidated Rule 12 Motion to Dismiss*, filed February 18, 2010, (doc. 72); and *Defendants City of Plano, Plano Municipal Court, Judge Don Stevenson, Rodney D. Patten and Paige Mims' Consolidated Rule 12 Motion to Dismiss*, filed February 19, 2010, (doc. 73), should be **GRANTED** pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and Plaintiff's claims against these defendants should be dismissed with prejudice.

*RJF's First and Standing Motion to Strike per FRCP 11(a) – DOJ and the Individual Defendants*, filed February 24, 2010, (doc. 76); *RJF's First and Standing Motion to Strike per FRCP 11(a) – DOJ*, filed February 24, 2010, (doc. 77); *RJF's Second and Standing Motion to Strike per FRCP 11(a) – State AG's Office and the "Individual" Defendants*, filed March 12, 2010, (doc. 84); and *RJF's Second and Standing Motion to Strike per FRCP 11(a) – State AG's Office*, filed March 19, 2010, (doc. 91) should be **DENIED**.

**SO RECOMMENDED on this 25th day of May, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE