IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD JOHN FLORANCE, JR., | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-1470-B-BH |
| | ) | |
| DON BUSH, et al., | ) | |
| Defendants. | ) | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive issues.  Before the Court is the *Collin County Defendants' Motion for Sanctions*, ("Mot.") filed March 15, 2010, (doc. 85).[1]  Based on the relevant filings and applicable law, the motion should be **GRANTED in part and DENIED in part**, Plaintiff should be sanctioned, and this action should be **DISMISSED** in its entirety with prejudice.

**I.  BACKGROUND**

Plaintiff Richard John Florance, Jr., ("Plaintiff" or "Florance") filed this action on July 16, 2009, against fifty-two defendants, including some that he had previously sued.[2]  (*See* Compl., doc. 1, at 1-5 (listing defendants in caption).)  On December 7, 2009, he amended his complaint to list fifty-three defendants.[3]  (*See* Am. Compl., doc. 5, at 1-5, 20.)  Plaintiff generally alleges a conspiracy to commit treason against him based upon his prior litigation, a "funny money" scam that differ-

---

[1]  Movants are Defendants Brenda Taylor, Courtney Miller, Yoon Kim, and Chad Smith (the "Collin County Defendants").  (*See* Mot. at 1.)

[2]  Plaintiff sued fifteen defendants under state and federal law for their alleged roles in or leading to earlier litigation. *See Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 628-31 (N.D. Tex. 2007) (*Florance I*).  All claims were dismissed with prejudice, except for claims against unknown clerks that were dismissed for lack of personal jurisdiction. *See id.* at 624-25, 647-48.

[3]  Plaintiff names the United States and the United States of America as separate defendants, and distinguishes between the "Proper" and "Federal" capacities for various defendants by using all capital letters for the "Federal Capacity".  (*See* Am. Compl. at 1-5, 15.)

entiates between "Law of the Land" and "Law of the Sea" depending on whether there is gold and silver coin in general circulation, a "federal income tax scam", a "bogus 'underage consumption' case" against his daughter, a lien that led to his criminal conviction, various incidents in cases removed from state court, and libel and slander. (*See id.* at 14-21 (the "overview" of the conspiracy), 24-25 (identifying libelous and slanderous acts), 26-80 (providing additional detail about the treason and tyranny), 81-83 (summarizing Plaintiff's positions).) Numerous motions to dismiss followed, and on May 25, 2010, dismissal of all claims against the moving defendants was recommended based on sovereign immunity, absolute privilege, res judicata, and failure to state a claim for municipal liability, conspiracy, treason, or against a non-jural entity. (*See* Doc. 92 at 17-24.) On the day they filed their motion to dismiss, the Collin County Defendants requested in writing that Plaintiff dismiss this lawsuit in its entirety and stop filing suit against them. (*See* Letter from Davis to Florance of 2/17/2010, attached as Ex. 1 to Mot.) On March 15, 2010, they moved for sanctions.

Plaintiff has previously been sanctioned or warned by several courts. In 2005, the United States Tax Court twice monetarily sanctioned him for filing "numerous frivolous documents and motions", advancing "shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts", and instituting and maintaining the tax proceedings "primarily for delay." *See Florance v. C.I.R.*, T.C.M. (RIA) 2005-060 (2005) ($10,000.00 sanction), *aff'd*, 174 F. App'x 200 (5th Cir. 2006); *Florance v. C.I.R.*, T.C.M. (RIA) 2005-061 (2005) ($12,500.00 sanction), *aff'd*, 174 F. App'x 200 (5th Cir. 2006). The Fifth Circuit has ordered its Clerk of Court "to refuse to accept for filing any further pleadings or other instruments received from Florance or on his behalf without first obtaining the authorization of a judge of this court." *Florance v. C.I.R.*, 174 F. App'x 200, 201 (5th Cir. 2006). It has stricken a filing for inappropriate and abusive language, warned him that future filings containing inappropriate comments will be

2

treated similarly, and clarified that its prior sanction "applies to <u>all</u> 'pleadings and other instruments' from Richard Florance." *See In re: Florance*, No. 07-40129, unpub. ord. at 2, 4-5 (5th Cir. June 5, 2007). It has also warned Plaintiff about monetary sanctions and stricken an appeal with prejudice for inappropriate comments in filings. *Florance v. Buchmeyer*, 258 F. App'x 702, 702 (5th Cir. 2007). Both the Eastern District of Texas and this Court have also warned Plaintiff about inappropriate and abusive language in filings. *See Florance I*, 500 F. Supp. 2d at 628; *Texas v. Florance*, No. 4:06-CV-510, 2008 WL 839736, at *1 (E.D. Tex. Mar. 27, 2008). This Court has also sanctioned him for improper removal under 28 U.S.C. § 1447(c). *See Florance v. Taylor*, No. 3:06-CV-121-R, 2006 WL 567936, at *1-2 (N.D. Tex. Mar. 7, 2006) (ordering Plaintiff to pay costs and attorney's fees).

## II. ANALYSIS

The Collin County Defendants seek sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11 and the inherent powers of the Court for intentionally abusing the judicial system to harass state and federal governments and their officers. (Mot. at 1-2.) They seek an award of attorney's fees and costs, monetary sanctions payable to the Court, referral of this matter for criminal investigation, filing restrictions, a finding that Plaintiff is a vexatious litigant under Texas law, and any other sanction deemed appropriate to effectively deter improper conduct by Plaintiff. (Mot. at 8-9.)

**A. <u>Rule 11</u>**

Rule 11(b) provides that by presenting a filing to a court, attorneys and *pro se* litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary

3

support. The purpose of the rule is to "deter baseless filings in district court", *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits", *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987). After notice and opportunity to respond,[4] courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even dismissal, *see Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003). Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993); Fed. R. Civ. P. 11(c)(4).

   **1.**   *Safe Harbor Provision*

Fed. R. Civ. P. 11(c)(2) provides that a party may seek sanctions by filing a stand-alone motion describing specific sanctionable conduct. The rule contains a safe harbor provision which requires that the motion "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." This requirement is strictly construed and substantial compliance is insufficient. *Cf. In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. *Id.* A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with this requirement. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000). The movant has the burden to show compliance with the safe harbor provision. *See*

---

[4] A proper sanction motion under Rule 11 satisfies the notice requirement.

*Harris v. Auxilium Pharms., Inc.*, 664 F. Supp. 2d 711, 724 (S.D. Tex. 2009).

Here, the Collin County Defendants filed their motion for sanctions separately from their motion to dismiss. The certificate of service indicates that it was served on Plaintiff on the same date it was filed with the Court. Although the defendants sent Plaintiff a letter warning of Rule 11 sanctions dated February 17, 2010, an informal letter does not of itself comply with the service requirements. The Collin County Defendants have not shown that they have complied with the safe harbor provision, and their motion for Rule 11 sanctions may be denied on this basis.

### 2. *Sua Sponte Sanctions*

A court may impose sanctions on its own initiative under Rule 11(c)(3) even after a party has moved for Rule 11 sanctions without complying with the safe harbor provision, however. *See Brunig v. Clark*, 560 F.3d 292, 297-98 & n.18 (5th Cir. 2009); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). Although Rule 11(c)(3) requires courts to issue a show cause order before *sua sponte* imposing sanctions, a recommendation satisfies that requirement when it describes the sanctionable conduct, recommends that sanctions be imposed, and provides an opportunity to show cause why sanctions may not be warranted. *See Brunig*, 560 F.3d at 297-98 & n.18.

In this case, Plaintiff has again sued the same defendants as in *Florance I* as well as their attorneys, the Fifth Circuit judges who presided over his appeal, and several others. By his own count (*see generally* Am. Compl.), this action encompasses twenty-seven appellate cases, eighteen trial cases, and two prior actions in this Court – *Florance I* and *Florance v. United States*, No. 3:09-CV-1732-B, 2009 WL 5173956 (N.D. Tex. Dec. 31, 2009) (dismissing action due to sovereign immunity). Plaintiff's repeated attempts to re-litigate prior cases suggest that he filed this action to harass the defendants in violation of Rule 11(b)(1). *See Bryant v. Plains Nat'l Bank of Lubbock, Tex.*, No. 5:05-CV-034-J, 2005 WL 1704946, at *3 (N.D. Tex. July 19, 2005) ("Repeatedly suing

the same parties over and over, asserting the same factual claims and legal causes of action, after and in spite of the entry of multiple adverse final judgments . . . is harassment and a gross abuse of the judicial process.").

It also appears that Plaintiff has violated Rule 11(b)(2) by asserting legal contentions that are not warranted by existing law or by a nonfrivolous argument for relief despite the current state of the law. He has again asserted the same or similar claims that were found to be without merit in *Florance I* against some of the same defendants. *See generally* 500 F. Supp. 2d at 626-45. His tax arguments have been unsuccessful for him since at least 2005 when he was sanctioned for making frivolous and groundless arguments. *See Florance v. C.I.R.*, T.C.M. (RIA) 2005-060 (2005), *aff'd*, 174 F. App'x 200 (5th Cir. 2006).[5] Here, he again alleges a federal income tax scam in addition to a conspiracy to commit treason against him, a "funny money scam", law of the sea and land, federal and proper capacity. (*See* Am. Compl. at 14-17, 22-23, 81-82). His unsupported legal contentions have repeatedly been found so lacking in "colorable merit" that there is no need to refute them with detailed analysis. *Cf. Crain v. C.I.R.*, 737 F.2d 1417, 1417 (5th Cir. 1984). *See also Taylor v. C.I.R.*, 350 F. App'x 913, 914-16 (5th Cir. 2009) (affirming finding that claimed income tax scam based on "taxpayer means fiduciary" is frivolous, groundless, and sanctionable). Plaintiff's legal contentions appear to violate Rule 11(b)(2).

Rule 11 sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See Mendoza*, 989 F.2d at 195-97. *Pro se* litigants have "no license to harass

---

[5] Plaintiff's complaint reflects his awareness that other litigants who made similar frivolous tax arguments were sanctioned on the basis of those arguments. (*See* Am. Compl. at 74-77 (identifying other tax cases resulting in sanctions – *Collard v. C.I.R.*, 354 F. App'x 24 (5th Cir. 2009) ($8,000); *Taylor v. C.I.R.*, 350 F. App'x 913 (5th Cir. 2009) ($16,000); *Braquet v. C.I.R.*, 336 F. App'x 432 (5th Cir. 2009) ($8,000); *Stearman v. C.I.R.*, 436 F.3d 533 (5th Cir. 2006) ($37,000); *Wallis v. Comm'r of IRS*, 203 F. App'x 591 (5th Cir. 2006) ($8,000); *O'Connor v. C.I.R.*, 163 F. App'x 513 (9th Cir. 2006) ($3,000); *Tello v. C.I.R.*, 410 F.3d 743 (5th Cir. 2005) ($8,500)).

others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 359. Because Plaintiff has engaged in sanctionable conduct by filing this action for purposes of harassment and knowingly making or reasserting frivolous legal contentions, sanctions are appropriate. Prior sanctions against Plaintiff have included warnings, attorney fees, filing restrictions, and significant monetary fines, totaling $22,500, by several courts. None of these sanctions have been effective in deterring his continued litigation abuses. More severe sanctions are therefore warranted to deter future conduct.[6] The Court should dismiss this action with prejudice, assess a fine of $100 per defendant in this case ($5300), and prohibit Plaintiff from filing any new action in this Court until he has paid that sanction *and* obtained leave from a judge of this Court to file the action. Additionally, because a "litigious plaintiff pressing a frivolous claim . . . can be extremely costly to the defendant and can waste an inordinate amount of court time", Plaintiff should be enjoined from pursuing "any future litigation on any cause of action arising from the fact situation at issue in this case" given that he has sued various defendants over the years and "has had a full opportunity to present and litigate his claims". *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980).

This recommendation satisfies the show cause requirement of Rule 11(c)(3), and if Plaintiff "chooses to show cause why sanctions may not be warranted in this case", he may do so in his objections. *See Brunig*, 560 F.3d at 297-98 & n.18.

## B. Inherent Power

Defendants also generally move for sanctions under the Court's inherent power. (Mot. at 1.) Courts possess the inherent power "to protect the efficient and orderly administration of justice

---

[6] When courts act on their own under Rule 11, available sanctions are limited to "nonmonetary sanctions or a monetary penalty payable to the court" – an award of attorney's fees or other expenses is not appropriate. *Marlin v. Moody Nat'l Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008); *accord* Fed. R. Civ. P. 11(c)(4).

and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Upon a finding of bad faith or a willful abuse of the judicial process, federal courts have the inherent, discretionary authority to dismiss an action. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995). While the courts "exercise caution" in invoking their inherent powers and should "ordinarily" rely on a rule or statute rather than their inherent power, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991), they retain discretion to select the appropriate authority for sanctions, *see First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 516 (6th Cir. 2002). If a court finds bad faith, it may impose an appropriate sanction under its inherent powers when Rule 11 sanctions are unavailable due to noncompliance with the safe harbor provision. *Elliott v. Tilton*, 64 F.3d 213, 216-17 (5th Cir. 1995); *First Bank of Marietta*, 307 F.3d 501 at 511-19.

Bad faith conduct includes conduct that is motivated by improper purposes such as harassment or delay. *Coghlan v. Starkey*, 852 F.2d 806, 814 (5th Cir. 1988). In this respect, bad faith "resembles" the requirements of Rule 11(b)(1). *Chambers*, 501 U.S. at 46 n.10. As already discussed, Plaintiff has engaged in harassing conduct, and his conduct reflects that he filed this action in bad faith and has willfully abused the judicial process. Consequently, the Court may sanction him under its inherent powers. Imposition of the sanctions recommended under Rule 11(c)(3) sanctions is also appropriate under the Court's inherent powers.[7]

### III. CONCLUSION

The *Collin County Defendants' Motion for Sanctions*, filed March 15, 2010, (doc. 85) should

---

[7] To the extent Plaintiff is entitled to additional notice and an opportunity to be heard prior to the dismissal of this action as a sanction, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962), the period for lodging an objection provides adequate notice and an opportunity for him to contest dismissal and the imposition of sanctions.

be **GRANTED in part and DENIED in part**, and Plaintiff should be sanctioned under Fed. R. Civ. P. 11(c)(2) and the inherent powers of the Court. This action should be *sua sponte* **DISMISSED** in its entirety with prejudice, Plaintiff should be fined $5300, he should be prohibited from filing a new action in this Court until he has paid that sanction *and* obtained leave from a judge of this Court to file the action. He should also be barred from pursuing future litigation arising from the facts leading to this action.

**SO RECOMMENDED on this 24th day of June, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE